PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Volkswagen Passat struck a barrel while claimant Anna Maynor was driving on I-64 East near the Dunbar bridge in Kanawha County. 1-64 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:50 p.m. on February 16, 2008, a windy day. 1-64 is a four-lane, paved road with two lanes of traffic traveling in each direction. The speed limit in the construction zone is approximately fifty miles per hour. As Ms. Maynor was driving through the construction zone at less than fifty miles per hour, an orange and white striped barrel struck the front end of the vehicle. Ms. Maynor stated that there were numerous barrels along the side of the road. She stated that the wind knocked one of the barrels over, causing it to turn sideways and roll in front of the vehicle. Although claimant slowed down when she saw the barrel, she was unable to stop. Ms. Maynor testified that she could not change lanes to avoid the barrel because there was an eighteen-wheel trailer traveling in the other lane of traffic. Ms. Maynor had to drive her vehicle over to the side of the road to remove the barrel from underneath the vehicle. As a result of this incident, the vehicle sustained damage to its grille in the amount of $261.87. The amount of claimants’ insurance deductible at the time of the incident was $500.00.
The position of respondent is that it did not have actual or constructive notice of the barrel that rolled in front of claimants’ vehicle on 1-64. Rick Hazlewood, Transportation Crew Supervisor II, testified that he is responsible for the maintenance and repairs on 1-64 from the Dunbar exit to the Milton exit. Mr. Hazlewood explained that the plastic barrels were placed on this section of 1-64 East to close off a lane of traffic. The barrels have been situated along the road for approximately three years. He stated that the barrels can be blown over in high winds or when a vehicle brushes against it. Mr. Hazlewood testified that he did not have a report of this incident.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the barrel which claimants’ vehicle struck on 1-64 East. The Court finds that the plastic barrels located along the side of the road on 1-64 were not adequately secured to prevent a hazard to the traveling public. The fact that wind may *126 have blown the barrels loose is a foreseeable event and should have been considered. Since the loose barrel was the proximate cause of the damages to claimants’ vehicle, the Court concludes that respondent was negligent.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $261.87.
Award of $261.87.